IN THE UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE KAY LEE, | ) | CASE NO.  1:23-CV00633-SL |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Plaintiff, Michelle Kay Lee ("Lee"), challenges the final decision of Defendant Commissioner of

Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI")

under title XVI of the Social Security Act ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. §

405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic

referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the

Magistrate Judge recommends that the Commissioner's final decision be **AFFIRMED**.

## I.  PROCEDURAL HISTORY

Lee filed an application for SSI on March 26, 2021, alleging disability since March 1, 2001.[1]

(Transcript ("Tr.") at 17, 233-39) She claimed disability due to a "heart problem, bipolar,

depression, anxiety disorder, peripheral neuropathy, stroke, acid reflux, congestive heart failure,

high cholesterol, thyroid problems, diabetes borderline." (Tr. 100, 112) Her applications were

---

[1] The record shows that Lee had two prior SSI applications. One denied by an ALJ on December 15, 2018.
(Tr. 72-89) She also had an application denied by an ALJ on June 22, 2012. (Tr. 75)

1

denied initially and upon reconsideration, and Lee requested a hearing before an administrative law

judge ("ALJ").  (Tr. 100-22, 142).

On April 21, 2022, ALJ ("ALJ") Irma J. Flottman held a hearing on Lee's application. (Tr.

38-61) Lee represented by counsel, and an impartial vocational expert ("VE") testified. (*Id.*) On

May 11, 2022, the ALJ issued a written decision finding Lee was not disabled. (Tr. 14-37) The

ALJ's decision became final on February 10, 2023, when the Appeals Council declined further

review. (Tr. 1-3).

Lee then filed the instant Complaint challenging the Commissioner's final decision. (Doc.

No. 1)  The parties have completed briefing in this case. (Doc. Nos. 9, 12, 14) In her brief, Lee puts

forth one assignments of error:

> 1. The ALJ's RFC finding is unsupported by substantial evidence because the ALJ failed to re-contact treating providers Vicki Delany, CNP and Jeff Daika, DC regarding Plaintiff's specific mental and physical functional limitations in a competitive work setting.

(Doc. No. 9 at 13-16).

## II.  EVIDENCE
### A.    Personal and Vocational Evidence

Lee was 50 years old on the alleged onset date. (T. 110) She has a high school education

and past work as a medical transcriptionist and office clerk. (Tr. 340-47)

### B.    Relevant Medical and Opinion Evidence[2]

**CNP Delany** Lee sought treatment from Vicki M. Delany, C.N.P. in 2021 and 2022. Tr.

517-91, 671-76. Nurse Delany provided medication refills. *Id.*  At times, Nurse Delany noted Lee's

complaints of anxiety, depression, panic attacks, and insomnia. (Tr. 542, 550, 554, 550, 557, 559,

---

[2] Due to the specific and singular issue addressed in Lee's brief, and in the interest of judicial economy, the Court finds a full summary of the medical and other evidence is not necessary. Thus, only evidence relevant to Lee's assignment of error is summarized herein.

563, 566, 572) Other times, Nurse Delany reported "[n]o psychiatric symptoms." (Tr. 517-18, 520-21, 523-24, 526-27, 529-30, 532-33, 535-36, 538-39, 544-45, 547-48, 552, 574-75, 577-78, 580-81, 583-84, 586-87, 589-90, 671-72, 674-75) On examination, Nurse Delany often noted Lee was "unkempt" but had normal mental status. E.g. (Tr. 553, 555, 558, 560, 563, 566, 570, 573) In April 2021, Nurse Delany wrote a one-paragraph letter noting that that she had been seeing Plaintiff since 2017 and that, due to her post traumatic stress disorder, "I feel she is unable to work." (Tr. 478) Nurse Delany did not assess any functional limitations.

**Jeff Zaika, D.C.**   Lee saw Chiropractor Jeff Zaika, for pain complaints from August 31, 2021 through January 25, 2022. (Tr. 625-29) Lee had four office visits with Chiropractor Zaika for manipulation of the lower back, upper back, and neck. *Id.* On January 28, 2022, Chiropractor Zaika wrote a letter stating that he had been treating Plaintiff for cervical, thoracic and lumbar degenerative disc disease and scoliosis. (Tr. 631). He explained that Lee reported flare-ups and exacerbations with daily activities of bending, twisting, reaching, and awkward positions. *Id*. He also noted that Lee consulted with pain management and neurologist for her conditions. *Id.* He then opined that Lee "is disabled and unable to work due to her condition." *Id.* He did not assess any functional limitations.

**State Agency Opinions**

*Mental Health.* In July 2021, Deryck Richardson, Ph.D., reviewed Lee's mental health records and concluded that he was adopting the findings from the prior ALJ's decision based on Acquiescence Ruling 98-4 and finding Lee capable of completing 3 to 4-step tasks that do not require rapid pace or production quotas or interaction with the public. (Tr. 105, 108) David Dietz, Ph.D. reviewed Lee's mental health records in September 2021, and concurred with Dr. Richardson's assessment. (Tr. 119-20)

3

*Physical Health*.  In August 2021, Lynne Torello, M.D., reviewed Lee's medical records and concluded that she could perform a limited range of light work. (Tr. 106-08) Dr. Torello explained that there was new and material evidence or a change in circumstances such that she was not adopting the prior ALJ's RFC. (Tr. 108) Abraham Mikalov, M.D. reviewed Lee's medical records in September 2021, and concurred with Dr. Torello's assessment. (Tr. 118-19)

### III.    STANDARD FOR DISABILITY

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  20 C.F.R. § 416.920(a)(4).  *See also Ealy v. Comm'r of Soc. Sec*., 594 F.3d 504, 512 (6th Cir. 2010);  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time of the disability application.  20 C.F.R. § 416.920(b).  Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability.  20 C.F.R. § 416.920(c).  A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities."  *Abbot*, 905 F.2d at 923.  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. § 416.920(d).   Fourth, if the claimant's impairment or combination of impairments does not prevent her from doing his past relevant work, the claimant is not disabled.  20 C.F.R. § 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.  20 C.F.R. § 416.920(g).

4

## IV.    SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1.     The claimant has not engaged in substantial gainful activity since March 26, 2021, the application date (20 CFR 416.971 et seq.).

2.     The claimant has the following severe impairments: spondylosis, stenosis, and degenerative joint disease with herniated nucleus pulposus of the cervical spine; osteoarthritis and degenerative disc disease of the lumbar and thoracic spine; coronary artery disease; neuropathy; bipolar disorder; depressive disorder; generalized anxiety disorder; personality disorder; post-traumatic stress disorder (20 CFR 416.920(c)).

3.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 4416.920(d), 416.925 and 416.926).

4.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing ladders, ropes and scaffolds; frequent balancing; occasional stooping, kneeling, crouching, crawling and climbing ramps and stairs; avoid concentrated exposure extreme cold and extreme heat; avoid all exposure to hazards including no work around moving machinery or unprotected heights and no commercial driving. Mentally, she is limited to completing 3 to 4 step tasks that do not require rapid pace or production quotas (like found on an assembly line) and that do not require interaction with the public.

5.     The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.     The claimant was born on November 28, 1970, and was 50 years old, which is defined as an individual closely approaching advanced age on the date the application was filed (20 CFR 416.963).

7.     The claimant has a limited education (20 CFR 416.964).

8.     The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 416.968).

9.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10.    The claimant has not been under a disability, as defined in the Social Security Act, since March 26, 2021, the date the application was filed. (20 CFR 416.920(f)).

(Tr. 19-32)

## V.  STANDARD OF REVIEW

"The Social Security Act authorizes narrow judicial review of the final decision of the Social Security Administration (SSA)."  *Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 2 (6th Cir. April 1, 2011).   Specifically, this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers v.Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).   In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Review of the Commissioner's decision must be based on the record as a whole.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  The findings of the Commissioner are not subject to reversal, however, merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also His v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.")  This is so because there is a "zone of choice" within which the Commissioner can act,

without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir.1996); accord *Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  ANALYSIS

Lee puts forth one assignments of error. She argues that the ALJ had a duty to recontact CNP Delany and Chiropractor Zaika and failed to do so. (Doc. No. 9 at 13-16) CNP Delany's April 2021 letter states that she has been providing primary care to Lee since 2017; that Lee suffers from Post-Traumatic Stress Disorder; and that "due to her condition, I feel she is unable to work." (Tr.

7

478) Similarly, Chiropractor Jeff Zaika's opinion states "It is my opinion that Ms. Lee is disabled and unable to work due to her condition." (Tr. 631) Neither provided a functional analysis. Lee contends that since the providers failed to provide a functional analysis the ALJ was required to recontact them.

Lee's argument is unpersuasive because it relies on outdated regulations. In March 2012, the Social Security Administration ("SSA") modified "the requirement to recontact your medical source(s)" based on "inconsistency or insufficiency in the evidence he or she provided." *How We Collect and Consider Evidence of Disability*, 77 FR 10651-01, 2011 WL 7404303. The SSA announced it was "giving adjudicators more flexibility in determining how best to obtain this information" and the ALJ could decide to get the information from another source instead. (*Id.*) In 1996, the agency put out a Social Security Ruling which clarified that ALJ's were required to recontact medical sources if (1) their opinions were unsupported by evidence and (2) the ALJ could not "ascertain the basis of the opinion from the record." SSR 96-5p, 1996 WL 374183, at *6 (July 2, 1996). However, SSR 96-5p was completely rescinded in 2017. *See Rescission of Social Security Rulings* 96-2p, 96-5p, and 06-3p, 82 FR 15263-01 (Mar. 27, 2017) (explaining that the "rescission will be effective for claims filed on or after March 27, 2017."). Accordingly, the two-part test Lee relies on to support her argument was based on an outdated regulation, so it to does not apply. (Doc. No. 9 at  14 citing *Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 271 (6th Cir. 2010)).

Many courts in our circuit have acknowledged these regulatory changes and found that after their implementation, an ALJ's duty to recontact is optional. *See e.g., Thayer v. Commissioner of Soc. Sec.*, No. 2:20-CV-12693, 2021 WL 7448499, at *15 (E.D. Mich. Sept. 24, 2021) (finding duty to recontact under SSR 96-5p did not apply because SSR 96-5p has been rescinded.); *Paxton v. Comm'r of Soc. Sec.*, No. 2:19-CV-1450, 2020 WL 3026233, at *9 (S.D. Ohio June 5, 2020), report

8

and recommendation adopted, No. 2:19-CV-1450, 2020 WL 4669887 (S.D. Ohio Aug. 12, 2020) (Since 2017, the "regulations do not require an ALJ to recontact a medical source for further explanation."); *Humphries v. Comm'r of Soc. Sec.*, No. 18-12123, 2019 WL 3244284, at *5 (E.D. Mich. June 25, 2019), report and recommendation adopted 2019 WL 3229132 (E.D. Mich. July 18, 2019) (finding that the 2017 regulations "do not require an ALJ to recontact a physician for further explanation before rejecting all or part of that physician's opinion."; *McBride v. Comm'r of Soc. Sec.*, No. 1:16-CV-708, 2017 WL 3393948, at *12 (S.D. Ohio Aug. 7, 2017), report and recommendation adopted, 2017 WL 4230516 (S.D. Ohio Sept. 25, 2017)(The regulations as amended specify that recontacting a treating physician or other medical source is permissive, not mandatory; *Glover v. Comm'r of Soc. Sec.*, No. 1:16 CV 84, 2016 WL 7638142 (N.D. Ohio Dec. 22, 2016) ("[M]any courts have found that such a mandatory duty to recontact in SSR 96–5p is no longer valid in light of regulatory changes.") (collecting cases); *Hollis v. Comm'r of Soc. Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan. 27, 2015) (ALJs now have discretion to decide whether to recontact). Thus, the mandatory duty to recontact does not apply to Lee's case. The regulations applicable to Lee's case provide that recontacting sources is optional.

The regulations in effect at the time of the ALJ's decision in this case indicate that if the record evidence is insufficient to determine disability, or if the ALJ cannot reach a conclusion on disability, in determining how to resolve the problem, the ALJ *may* recontact a medical source. 20 C.F.R. § 416.920b(b)(2) ("How we consider evidence," explains that if there is "insufficient evidence to determine whether you are disabled or if after weighing the evidence we cannot reach a conclusion about whether you are disabled, we will determine the best way to resolve the inconsistency or insufficiency ... We *may* recontact your treating physician.") (emphasis added). Lee does not argue that the overall record was insufficient to determine disability. The ALJ

9

reviewed over 300 pages of medical evidence, including treatment records from Nurse Delany and

Chiropractor Zaika, that were considered by the ALJ, as well as prior administrative medical

findings from four state agency consultants. Tr. 29-30, 38-61, 106-08, 118-20, 310-676. Thus, the

ALJ had sufficient evidence to determine disability.

Lee also asserts that the ALJ failed in her duty to fully develop the record under 20 C.F.R.

§ 416.912. (Doc. No. 9 at 16)  §416.912 states that, "Before we make a determination that you are

not disabled, we will develop your complete medical history for at least the 12 months preceding

the month in which you file your application."  However, Lee cites no caselaw or regulation to

support her claim that an ALJ fails to develop the record by not recontacting sources who fail to

provide functional limitations. Per the current regulations, the ALJ determined that the letters from

CNP Delany and Chiropractor Zaika stating Lee was disabled were "neither valuable nor

persuasive" and did not warrant analysis by the ALJ. (Tr. 30) As the ALJ noted, this is exactly what

the regulations instruct. 20 C.F.R. §404.1520b(c) provides that certain statements, such as "whether

a person is or is not disabled" are "neither valuable nor persuasive . . . we will not provide any

analysis about how we considered such evidence."

Based on the above, Lee's argument that the ALJ had a duty to recontact CNP Delany and

Chiropractor Zaika is unsupported.[3] In fact, Lee failed to respond to the Commissioner's contention

---

[3] In her brief, Lee states "the ALJ should have re-contacted Dr. Krabbe, CNP Delany, and Chiropractor Zaika." (Doc. No. 9 at 14) However, after making the statement Lee only presents arguments related to CNP Delany and Chiropractor Zaika. She does not mention the consultative examiner Dr. Krabbe in her argument aside from this one statement. Therefore, any arguments related to Dr. Krabbe are waived. It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.' " See, *e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), cert. denied, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).

10

that Lee relied on outdate authority despite having the opportunity to do so in a reply brief. (See

Doc. No. 14 declining to file a reply brief and resting on her prior arguments). Accordingly, Lee's

assignment of error is without merit.

## VI.    CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's

final decision be **AFFIRMED**.


Date:  November 27, 2023                               _s/ Jonathan Greenberg_
                                                      Jonathan D. Greenberg
                                                      United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after being served with a copy of this document.
Failure to file objections within the specified time may forfeit the right to appeal the
District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**